134 F.3d 381
 81 A.F.T.R.2d 98-527
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul F. YANOVICH, Defendant-Appellant.
 No. 96-50680.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul F. Yanovich appeals from the special condition of his supervised release which ordered him to provide income tax returns as requested by the Probation officer, following his guilty plea conviction to making a false statement to a federal bank. Yanovich contends that the district court abused its discretion by ordering the special condition because the disclosure of his tax returns bears no rational relation to the goal of restitution and because the disclosure requirement violates his right to privacy. We disagree.
 
 
 3
 The district court "has broad discretion in setting probation conditions, including restricting fundamental rights." United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). "A probation condition is valid if its is imposed for permissible purposes and if it is reasonably related to the twin goals of probation rehabilitation and protection of the public." United States v. Terrigno, 838 F.2d 371, 374 (9th Cir.1998). Under section 5B1.4 of the Sentencing Guidelines, the district court may, when imposing an order of restitution, order the Probation officer access to any requested financial information.[1]
 
 
 4
 Here, as part of his fraudulent loan application to the bank, Yanovich knowingly submitted false tax returns for two years which greatly overstated his income. Given these circumstances, the special condition of Yanovich's supervised release was reasonably related to his rehabilitation and to protecting the public. See id. The district court did not abuse its broad discretion by imposing the condition. See Bolinger, 940 F.2d at 478.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Wells's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 1 U.S.S.G. § 5B1.4(18): Access to Financial Information If the court imposes an order of restitution. it is recommended that the court impose a condition requiring the defendant to provide the probation officer access to any requested financial information.